**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 1:08CR00057 |
| v. | ) | **OPINION** |
| **OPHELIA PITTS**, | ) | By: James P. Jones |
| Defendant. | ) | United States District Judge |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Ophelia Pitts, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010). Upon review of the record, I find that the government's Motion to Dismiss must be granted.

I

A grand jury of this court returned a two-count Indictment charging Ophelia Pitts with forcibly assaulting separate government employees, in violation of 18 U.S.C.A. § 111(a)(1), (b) (West 2000) Pitts pleaded guilty on January 26, 2009, to Count One of the Indictment and announced her intention to go to trial on Count Two.

Instead of going to trial, however, on February 6, 2009, Pitts entered into a Sentencing Agreement with the government. Under this agreement, in exchange for dismissal of Count Two, Pitts stipulated to an offense level and two enhancements

under the United States Sentencing Manual for an Adjusted Offense Level of 15 and agreed to waive her right to appeal and to collaterally attack any order entered in her case. On February 27, 2009, the government filed a written Motion for Upward Departure and Upward Variance, arguing that Pitts' Criminal History Category substantially underrepresented the seriousness of her criminal history and the likelihood that she would commit other crimes. The government also argued for an upward variance, based on the fact that the defendant's actions injured two victims, rather than only the one named in Count One. Defense counsel sought a variance below the guideline range, arguing that Pitts' family background and mental health problems should be considered as mitigating factors.

I conducted a sentencing hearing on March 2, 2009. I granted the government's motion and sentenced Pitts to 48 months imprisonment. She did not appeal.

She thereafter filed this § 2255 motion, alleging several grounds for relief, as follows:

1. Her attorney failed to move for various downward departures for which the defendant was eligible;

2. The attorney failed to advise the defendant regarding the impact of stipulating to inclusion of the dismissed count as relevant conduct;

3. The attorney failed to secure medical records to support argument that substantiates the defendant's culpability;

4. The defendant was not notified that the court intended to depart upward.

The words "See Supporting Memorandum" appear after each of these claims, but no such memorandum has ever been submitted.

The government filed its Motion to Dismiss on the ground that Pitts' Plea Agreement waived her right to bring a § 2255 motion. The court notified Pitts of the government's motion as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and warned her that judgment might be granted against her if she did not respond to the motion in a certain time period by filing affidavits or other documents contradicting the government's evidence or otherwise explaining her claims. Pitts filed two motions for extensions of time in which to file a reply brief, both of which were granted. She also filed a Motion to Appoint Counsel, asserting that she has only a fourth grade education, no legal training, and no money to hire an attorney. The court denied the motion, finding that the interests of justice did not require appointment of counsel in this case, unless Pitts could demonstrate some reason that her claims were not barred by her waiver of § 2255 rights. The court granted Pitts a third extension of time in which to respond to the government's waiver arguments. Pitts has not responded, and the time allotted for her response has elapsed, making the matter ripe for disposition.

## II

It is settled circuit law that a "criminal defendant may waive [her] right to attack [her] conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Whether

the waiver is voluntary and intelligent depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Therefore, if I determine that Pitts entered a valid waiver of her § 2255 rights, she cannot challenge her conviction or sentence in a § 2255 motion. *Lemaster*, 403 F.3d at 220.

When she entered into the written Sentencing Agreement with the government, Pitts agreed to waive her right "to collaterally attack, in any future proceeding, any order issued in this matter" and agreed "not [to] file any document which seeks to disturb any such order." (Sentencing Agreement ¶¶ B(2) and B(3).) The Sentencing Agreement did not promise that Pitts would receive any particular sentence as to Count One. It read, in pertinent part:

> I understand that the Court is not bound by any recommendations or stipulations contained in this agreement and may sentence me up to the maximum provided by law.
>
> I understand if the sentence is more sever than I expected, I will have no right to withdraw my guilty plea. . . .
>
> I understand the prosecution will be free to allocute or describe the nature of this offense and the evidence in the case and, in all likelihood, will recommend I receive a substantial sentence. . . .
>
> This writing sets forth the entire understanding between the parties and constitutes the complete sentencing agreement between the United States . . . and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This sentencing agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and me.

(*Id.* at ¶ D(4).) Pitts initialed every page of the agreement and signed it as an indication that she had read and reviewed it with her attorney, understood its terms, and voluntarily agreed to it. (*Id.*)

At the sentencing hearing, Pitts did not raise any challenge to the validity of the Sentencing Agreement or raise any objections to the Presentence Investigation Report ("PSR"). The prosecutor argued for an upward departure and an upward variance, and counsel argued at length that Pitts' history of being abused, as a child and as an adult, and her mental health issues warranted a downward departure. To denote the seriousness of the offense and its impact on the victim, to protect the public, and to give Pitts ample opportunity to obtain treatment and prepare to avoid assaultive behavior in the future, I sentenced her above the guideline range to 48 months imprisonment, to run consecutive to any previous state or federal sentence, to be followed by a three-year term of supervised release. I then dismissed Count Two, pursuant to the Sentencing Agreement.

At no point in her submissions in this § 2255 case has Pitts denied that she entered into the Sentencing Agreement voluntarily, with a full understanding that it did not guarantee her any particular sentence and that it included a waiver of her right to bring a collateral attack. Despite Pitts' history of mental health issues, the record indicates that at the time of the guilty plea and sentencing hearings in January and March 2009, she was receiving treatment and was fully capable of understanding and participating fully in the proceedings. During the plea hearing, after speaking with her about the medications she was taking, I asked her if any of them affected her

ability to understand the proceedings, and she stated, "No." (Plea Tr. 4, Jan. 26, 2009.) At sentencing, the correctional officer who had been the victim of the assault testified that Pitts had been calm and cooperative during the officer's recent interactions with her at the jail. A deputy United States marshal who had described problems with Pitts' aggressive behavior when transporting her in the past testified that on the way to the sentencing hearing, she was calm and cooperative. On this record, I am satisfied that Pitts entered into a voluntary and knowing Sentencing Agreement and should be bound by its provision waiving her right to collaterally attack any order entered in this criminal case. *Lemaster*, 403 F.3d at 220. Under that valid waiver, she is barred from bringing her current claims under § 2255. *Id.*

In any event, I am also satisfied that Pitts' claims of ineffective assistance of counsel have no merit. To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a defendant must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Second, to show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's errors, the outcome would have been different. *Id.* at 694-95.

I simply find no indication that counsel's representation was deficient in the ways alleged and find no reasonable probability that any additional arguments or evidence offered by defense counsel would have resulted in a different sentencing

outcome. The written Sentencing Agreement and Motion for Upward Departure notified Pitts that the government would argue for a substantial sentence. Defense counsel argued in writing and orally for a downward departure on several grounds, and Pitts does not point to any particular, additional grounds counsel could have argued. Although the victim impact of Pitts' behavior as charged in the dismissed count was presented as grounds for upward variance, I did not rely on that fact in making my sentencing determination. In short, Pitts fails to establish any of her claims of ineffective assistance under the elements set forth in *Strickland.*

III

In conclusion, I am of the opinion that the Motion to Dismiss must be granted, based on the defendant's waiver of her right to collaterally attack the judgment, but I also find that her claims of ineffective assistance are without merit. A separate Final Order will be entered herewith.

ENTER: October 28, 2010

/s/ JAMES P. JONES
United States District Judge